EDWARD J. BUTLER *vs*. RHODE ISLAND MUTUAL LIABILITY INSURANCE CO.

APRIL 11, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of assumpsit brought to recover $1,300, the limit of liability in a "valued form" insurance policy issued by defendant protecting plaintiff from loss by fire of an automobile described in the policy. The case is here on plaintiff's exception to the direction by the trial justice of a verdict for defendant.

In April, 1928, the plaintiff, a resident in Florida, bought a second-hand Hudson brougham automobile for which he paid $350. Plaintiff was a garage proprietor and an automobile repairer. For advertising purposes and to attract attention he took the Hudson automobile apart and built an automobile which he described as "sporty" and so different from other automobiles that "there was no way of telling what make of car it was by looking at it." The new automobile was eight inches lower than the regulation

Hudson automobile; the back of the body was lower and the front higher; new and smaller wheels of a different make were put on; the radiator, hood, hub caps, front axle, carburetor and upholstery were all different from the Hudson equipment. The motor, chassis, power transmission and rear axle were the only parts of the Hudson automobile that were used by the plaintiff in the assembled automobile.

In July, 1928, plaintiff moved to Seekonk, Massachusetts. On January 9, 1929, the defendant company in Providence issued to plaintiff the policy, on which suit is brought, insuring him against loss of said automobile by fire and theft for a period of one year. The policy contains the following clauses which are particularly pertinent:

"Warranted by the Assured.

"1. Assured's occupation or business is—Garage Proprietor.

2. Employer's name and address—Self.

3. The description of the automobile and the facts respecting its purchase are as follows:

"Year Model                          1926.
Trade Name        Hudson Special Sedan.
Type of Body          5 passenger
Serial & Motor No.     S. 642181
                       M. 337543
No. of Cylinders & Model—Cylinders 6.
Factory List Price          Not known.
Actual cost to Assured, including equip-
     ment, $3200.
Purchased by Assured—Month—April
                     Year—1928.
New or second-hand—Second-hand. * * *

"This entire policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the

> subject thereof; or in case of any fraud, attempted fraud, or false swearing by the Assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

In March, 1929, the automobile was seriously damaged by fire and thereafter this action was begun.

The evidence was conflicting as to the ownership of the automobile. It was registered in Florida as the property of plaintiff's wife and there was no proof of any transfer of title to plaintiff. It appeared that no appraisal of the damaged automobile had been made as required by the terms of the policy. Plaintiff's contention was that there was a total loss and consequently there was no need of an appraisal. As the trial justice decided that these were issues of fact for a jury, it is unnecessary now to consider them.

The verdict was directed on the ground of a misdescription of the automobile by the assured. That there was such a misdescription and a consequent breach of warranty is plain. Changes in automobiles are commonly made by the makers each year. It is common knowledge that the year model is an important factor in the determination of the market value of an automobile and that the depreciation in the market value of an automobile increases rapidly and progressively with its age. It is also in evidence that the risk from internal fire is greater in an old car. It is a general rule, although there is some authority to the contrary, that a statement by the assured, that an automobile is the model of a specified year, is material and, if false, will void the policy. 26 C. J. 163 and cases cited.

Plaintiff's automobile when insured was not a Hudson. He had made a new car—the only one of its kind. However valuable he may have considered it to be, its market value was lessened by the changes made therein. The difficulty of ready replacement of broken parts would restrict its sale as would the odd design. The cost of a new Hudson auto-

mobile of year model 1925 was $1,600 or $1,700. The statement that the actual cost to the assured was $3,200 was misleading and is not sustained by the evidence. Included in this item of cost was an allowance of $270 for removing rust spots and for painting; there was also an allowance to plaintiff for his time in placing different radiators on the automobile.

There was as thus appears a misrepresentation of the year model, the trade name and the actual cost to the assured. These misrepresentations voided the policy. *Affleck* v. *Potomac Ins. Co.*, 49 R. I. 112.

The exception of the plaintiff is overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Pettine, Godfrey & Cambio*, for plaintiff.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for defendant.